IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| CARLOS WESTMORELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  5:23-cv-000023-54 |
| | ) | |
| DOMINION ENERGY SOUTHEAST SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**EXHIBIT A**

**TO**

**NOTICE OF REMOVAL**

Summons and Complaint


## Service of Process Transmittal Summary

**TO:**      Sam Slagle, Legal Operations Manager
SCANA Services, Inc.
220 OPERATION WAY, MAIL CODE C222
CAYCE, SC 29033-3701

**RE:**      **Process Served in North Carolina**

**FOR:**     Dominion Energy Southeast Services, Inc.  (Domestic State: SC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CARLOS WESTMORELAND // To: Dominion Energy Southeast Services, Inc. |
| **DOCUMENT(S) SERVED:** | Letter, Cover Sheet, Summons, Complaint |
| **COURT/AGENCY:** | Iredell County Superior Court, NC<br>Case # 23CVS502 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, Raleigh, NC |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 03/29/2023 postmarked on 03/27/2023 |
| **JURISDICTION SERVED:** | North Carolina |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S)/SENDER(S):** | Eric A. Montgomery<br>The Montgomery Law Firm PLLC<br>6135 Park South Drive, Ste 510<br>Charlotte, NC 28210<br>704-749-3135 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/29/2023, Expected Purge Date: 04/03/2023 |
| | Image SOP |
| | Email Notification,  Sam Slagle  sam.slagle@dominionenergy.com |
| | Email Notification,  Katrina M Thompson  katrina.thompson@dominionenergy.com |
| | Email Notification,  George W Marget, III  george.marget@dominionenergy.com |
| | Email Notification,  Cheryl Barrett  cheryl.barrett@dominionenergy.com |
| | Email Notification,  Kelley Brown  kelley.brown@dominionenergy.com |
| | Email Notification,  Valyce Woolaston  valyce.d.woolaston@dominionenergy.com |
| | Email Notification,  Julianne Desrochers  julianne.desrochers@dominionenergy.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>160 Mine Lake CT, Suite 200<br>Raleigh, NC 27615 |


800-448-5350
MajorAccountTeam1@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

CERTIFIED MAIL®

7021 0350 0001 6729 3653

U.S. POSTAGE PAID
FCM LG ENV
HUNTERSVILLE, NC
28078
MAR 27 23
AMOUNT
 
**$9.48**

RDC 20          27615          R2304N117892-18


**The Montgomery**
**Law Firm, PLLC**

**6135 Park South Drive Suite 510**
**Charlotte, NC 28210**

**Dominion Energy of Southeast Services, Inc.**
**c/o CT Corporation System, Registered Agent**
**160 Mine Lake Ct. Suite 100**
**Raleigh, NC 27615**



**The Montgomery
Law Firm, PLLC**

**Eric A. Montgomery, Esq.**
March 27, 2023

## VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
## 7021 0350 0001 6729 3653

Dominion Energy of Southeast Services, Inc.
c/o CT Corporation System, Registered Agent
160 Mine Lake Ct. Suite 100
Raleigh, NC 27615

> ***Re:*** ***Iredell County Superior Court Case Filing 23-CVS-502***
> ***Carlos Westmoreland v. Dominion Energy Southeast Services, Inc.***

To Whom It May Concern:

Please find enclosed the General Civil Action Cover Sheet, Summons and Complaint in the above referenced matter. This letter serves as Service of Process for Dominion Energy Southeast Services, Inc.

Thank you for your consideration in this matter.

Sincerely,
The Montgomery Law Firm, PLLC

Eric A. Montgomery, Esq.

Enclosures

6135 Park South Drive, Suite 510 | Charlotte, NC 28210 | 704-749-3135 P | 704-228-7157 F
Eric@TheMLawFirm.com

www.CharlotteMontgomeryLaw.com

# STATE OF NORTH CAROLINA

**IREDELL** _____ County

FILED

2023 FEB 28 P 2:38

IREDELL CO., C.S.C.

BY _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

**Name And Address Of Plaintiff 1**
Carlos Westmoreland
396 Weathers Creek Road
Troutman NC 28166

**Name And Address Of Plaintiff 2**
Dominion Energy Southeast Services, Inc.
c/o CT Corporation System, Registered Agent
160 Mine Lake Ct Ste 100
Raleigh, NC 27615

**VERSUS**

**Name And Address Of Defendant 1**

**Summons Submitted**  ☒ Yes  ☐ No

**Name And Address Of Defendant 2**

**Summons Submitted**  ☐ Yes  ☐ No

## GENERAL
## CIVIL ACTION COVER SHEET

☒ INITIAL FILING   ☐ SUBSEQUENT FILING

*Rule 5(b) of the General Rules of Practice for the Superior and District Courts*

**Name And Address Of Attorney Or Party, If Not Represented**
*(complete for initial appearance or change of address)*
Eric A. Montgomery, Esq.
6135 Park South Drive Ste 510
Charlotte NC 28210

| **Telephone No.** 704-749-3135 | **Cellular Telephone No.** 704-712-2000 |
|---|---|
| **NC Attorney Bar No.** 38951 | **Attorney Email Address** eric@themlawfirm.com |

☒ Initial Appearance in Case   ☐ Change of Address

| **Name Of Firm** The Montgomery Law Firm PLLC | **Fax No.** 704-228-7157 |
|---|---|

**Counsel For**
☒ All Plaintiffs  ☐ All Defendants  ☐ Only: *(list party(ies) represented)*

☒ Jury Demanded In Pleading   ☐ Complex Litigation   ☐ Stipulate to Arbitration

## TYPE OF PLEADING

*(check all that apply)*

☐ Amend (AMND)
☐ Amended Answer/Reply (AMND-Response)
☐ Amended Complaint (AMND)
☐ Assess Costs (COST)
☐ Answer/Reply (ANSW-Response) *(see Note)*
☐ Change Venue (CHVN)
☒ Complaint (COMP)
☐ Confession Of Judgment (CNFJ)
☐ Consent Order (CONS)
☐ Consolidate (CNSL)
☐ Contempt (CNTP)
☐ Continue (CNTN)
☐ Compel (CMPL)
☐ Counterclaim (CTCL) *Assess Court Costs*
☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs*
☐ Dismiss (DISM) *Assess Court Costs*
☐ Exempt/Waive Mediation (EXMD)
☐ Extend Statute Of Limitations, Rule 9 (ESOL)
☐ Extend Time For Complaint (EXCO)
☐ Failure To Join Necessary Party (FJNP)

☐ Failure To State A Claim (FASC)
☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR)
☐ Improper Venue/Division (IMVN)
☐ Including Attorney's Fees (ATTY)
☐ Intervene (INTR)
☐ Interplead (OTHR)
☐ Lack Of Jurisdiction (Person) (LJPN)
☐ Lack Of Jurisdiction (Subject Matter) (LJSM)
☐ Modification Of Child Support In IV-D Actions (MSUP)
☐ Notice Of Dismissal With Or Without Prejudice (VOLD)
☐ Petition To Sue As Indigent (OTHR)
☐ Rule 12 Motion In Lieu Of Answer (MDLA)
☐ Sanctions (SANC)
☐ Set Aside (OTHR)
☐ Show Cause (SHOW)
☐ Transfer (TRFR)
☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL)
☐ Vacate/Modify Judgment (VCMD)
☐ Withdraw As Counsel (WDCN)
☐ Other *(specify and list each separately)*

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

*(Over)*

| CLAIMS FOR RELIEF | | |
|---|---|---|
| ☐ Administrative Appeal (ADMA)<br>☐ Appointment Of Receiver (APRC)<br>☐ Attachment/Garnishment (ATTC)<br>☐ Claim And Delivery (CLMD)<br>☐ Collection On Account (ACCT)<br>☐ Condemnation (CNDM)<br>☐ Contract (CNTR)<br>☐ Discovery Scheduling Order (DSCH)<br>☐ Injunction (INJU) | ☐ Limited Driving Privilege - Out-Of-State<br>   Convictions (PLDP)<br>☐ Medical Malpractice (MDML)<br>☐ Minor Settlement (MSTL)<br>☐ Money Owed (MNYO)<br>☐ Negligence - Motor Vehicle (MVNG)<br>☐ Negligence - Other (NEGO)<br>☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN)<br>☐ Possession Of Personal Property (POPP) | ☐ Product Liability (PROD)<br>☐ Real Property (RLPR)<br>☐ Specific Performance (SPPR)<br>☐ Other *(specify and list each separately)* |

| Date | Signature Of Attorney/Party |
|---|---|
| 02/27/2023 | Jon A. Mont |

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*

| |
|---|
| |
| |
| |

*Defendant(s) Against Whom Crossclaim Asserted*

| |
|---|
| |
| |
| |

# STATE OF NORTH CAROLINA

**IREDELL** County

In The General Court Of Justice
☐ District · ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>Carlos Westmoreland | |
| *Address*<br>396 Weathers Creek Road | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Troutman, NC 28166 | ☐ **ALIAS AND PLURIES SUMMONS (ASSESS FEE)** |

**VERSUS**

G.S. 1A-1, Rules 3 and 4

| | |
|---|---|
| *Name Of Defendant(s)*<br>Dominion Energy Southeast Services, Inc. | *Date Original Summons Issued* |
| | *Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Dominion Energy Southeast Services, Inc.<br>c/o CT Corporation System, Registered Agent<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615 | |

⚠️ **IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**
**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If none, Address Of Plaintiff)*<br>Eric A. Montgomery, Esq.<br>The Montgomery Law Firm PLLC<br>6135 Park South Drive Ste 510<br>Charlotte NC 28210 | *Date Issued* 2-28-23 | *Time* 2:38 ☐ AM ☒ PM |
|---|---|---|
| | *Signature* Addie E Elliott | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* ☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

| | | **RETURN OF SERVICE** | |
|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid
$ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

STATE OF NORTH CAROLINA

COUNTY OF IREDELL

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23 CVS _502_

FILED

2023 FEB 28 P 2: 39

REDELL CO.. C.S.C.

BY _____

|  |  |
|---|---|
| CARLOS WESTMORELAND | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| DOMINION ENERGY | ) |
| SOUTHEAST SERVICES, INC. | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, requesting a jury trial, alleges the following against the Defendant.

## **INTRODUCTION AND JURISDICTION**

1. This is an action for race discrimination and retaliation under 42 U.S.C. § 1981, and for attorney fees pursuant to 42 U.S.C. § 1988. In addition, Plaintiff was wrongfully terminated in violation of the public policy of North Carolina and N.C.G.S. §143-422 et seq., known as the North Carolina Equal Employment Practices Act. Plaintiff contends that he has been subjected to discrimination in the workplace and has been unlawfully terminated on account of his race for protected activity in protesting conditions of his employment.

2. Plaintiff is a citizen and resident of Iredell County.

3. There are not any administrative remedies to exhaust regarding Plaintiff's discrimination claims under 42 U.S.C. § 1981, which has a four-year statute of limitations.

4. This Court has concurrent jurisdiction over the federal claims under 42 U.S.C. § 1988, and over all the claims under Chapter 7A of the General Statutes and under the state constitution.

## PARTIES

5. Plaintiff is an African American citizen and resident of Iredell County, North Carolina

6. Defendant Dominion Energy Southeast Services, Inc. formerly known as SCANA Services, Inc. (hereinafter "DE" or "Defendant") is a corporation organized under the laws of the State of Virginia and maintains an office and does business in Iredell County, North Carolina.

## FACTS

7. Plaintiff was employed for Defendant DE, formerly known as SCANA Services, Inc. (PSNC Energy) for approximately eighteen (18) years prior to his wrongful termination.

8. During the time Plaintiff was employed with Defendant, he never received any negative reviews, write ups or suffered any incidents of poor job performance.

9. Around December 28, 2018 Plaintiff started to experience "blackballing, harassment, bulling, hostile work environment, and discrimination by Caucasian employees from his department and the human resources department including but not limited to the following Caucasian employees Tammy Haynes-Human Resources Representative, Mark Hannah-Regional Manager, Ralph Ikard -Regional Manager, Brian Weatherman-Construction Supervisor, Randy Stroud-Crew leader, and Jeremy Overcash-Crew leader.

10. Around December 28, 2018 Chuck Myers received a call from Gayle DeLaughter Moore stating that Plaintiff's DOT physical medical card had expired. The information was incorrect. Plaintiff 's NC CDL had expired. Gayle DeLaughter Moore (Caucasian Safety Director) investigated the situation.

11. Upon her investigation she required that Plaintiff go take the CDL test over again. Plaintiff was only given one (1) month to complete the general knowledge, combinations, air brakes,

2

before termination. Plaintiff was only given one month and paid out of pocket for all the CDL testing requirements.

12. Plaintiff was "thanked" for handling the testing but then he was unfairly disciplined and was given 3 days off with no pay due to the expired licenses. Mark Hannah stated, "that it was unlike Gayle to miss something like this and it was Plaintiff's "fault "of how this situation was handled."

13. In the past when licenses were expiring, employees would always get notification from our supervisors and Ms. Moore. It was obvious that the ball had been dropped with management, but all the blame was being placed on Plaintiff. When Plaintiff questioned the situation and why was he being the scapegoat in the situation Mark Hannah stated that because of him and his situation other people were being handled as well. Due to the other employees being reprimanded, Plaintiff experienced bullying, harassment, discrimination, and a hostile environment going forward.

14. The Plaintiff expressed his concern over the issue of Ms. DeLaughter not reporting the information as required and that he would be filing a grievance. However Plaintiff was persuaded by the union president Richard Walsh to not file a grievance. Jeremy Overcash, the vice-president of the union was a witness to this conversation.

15. Shortly thereafter, Defendant by and through its agents and managers, became a hostile work environment.

16. During the remaining tenure of Plaintiff's employment up through his termination in March of 2020 he would endure retaliation, hostility, unfair treatment, discrimination and harassment on the basis of his race, African American.

17. Based on state DOT regulations, yearly gas valves must be turned and operating correctly

annually. Past company practices it was always two (2) employees to oversee the gas valves turning. Plaintiff was the only employee turning valves.

18. During my job Plaintiff had to "yellow" mark the valves to show that they were completed properly. It was bought to the attention of management that one of the gas valves were not on in a residential development. Mark Hannah along with Tammy Haynes, Jeremy Overcash, and Brian Weatherman questioned Plaintiff about the situation. Mark Hannah made Plaintiff feel he was being "ganged up on" by four (4) Caucasian people against one (1) African American man. Plaintiff was moved from Phillip Parlier's crew to Jeremy Overcash' s crew. This was never done in the past. When Plaintiff questioned the move, he was told that Scott Swindler (Caucasian, Director) made this decision. In Plaintiff's 18 years of working there he never saw any Caucasian workers being moved around from upper management.

19. On July 15, 2019 Plaintiff was called into the office with Mark Hannah, Tammy Haynes and Jeremy Overcash concerning the gas valves. He was questioned and asked, "how did he go from being a worker that everyone wanted on their team to being a problem?" At that time Plaintiff was discriminated against and made to feel like the Caucasian workers were being treated differently from the African American workers.

20. Brian Weatherman (Caucasian supervisor) told Plaintiff in front of other employees (Baxter Burris, Phillip Parlier, Mark Graggs, Jeremy Overcash, Randy Stroud, Tim Goodin, Cody Kuntzman, James Welch, Zach) that George from the Fleet Department said that Plaintiff's truck was to stay on the yard to pull equipment and that he needed to drive one of the smaller vehicles on the yard. Another employee stated that George never stated that information. In over 18 years of working Plaintiff never experienced that type of

4

treatment or miscommunication. This situation was told to Plaintiff in hopes that he would react in an unprofessional manner in front of other Caucasian workers.

21. On or about September 17, 2019 Randy Stroud told Brian Weatherman and Ralph Ikard that Plaintiff was missing but in fact he had been on Stewart Street location working on a broken gas line service. Plaintiff then went to help another worker John Pinkston to locate tickets. Randy Stroud would continue to tell untrue statements about the Plaintiff. Due to these actions, Ralph and Brian began to check the Plaintiff's locations daily. They continued to take the Caucasian workers' word over the Plaintiff's which resulted in unfair and discriminatory treatment. Eventually Plaintiff was made to take a coaching class.

22. On or about October 3, 2019 Plaintiff was accused of stealing time by Brian Weatherman and Tammy Haynes. He was out sick, and Brian was aware. Plaintiff also had a doctor's note and it was bought it to their attention. Brian stated that Plaintiff should not have been running a call while being out sick. But due to management not having proper coverage for Plaintiff when he was out sick he had to respond to the call once the call center called him. Plaintiff added his correct time to his timesheet that he worked however, Brian and Tammy still accused him of stealing time. In the past none of the Caucasian workers had experienced this type of treatment.

23. On or about Oct 11, 2019 Brian Weatherman, Ralph Ikard, and Tammy Haynes were bulling Plaintiff about being out on medical leave. They were questioning him about his leave and if it was approved. Med Life put Plaintiff out on an approved medical leave for 30 days. His supervisors were not to call him or be questioning him about his leave but to contact Med Life Insurance instead. However, they continued to call and harass Plaintiff daily. They wanted him to call every morning to let them know he was going to be out for

5

the day. However, Plaintiff was already approved for medical leave. Plaintiff returned to work on November 25, 2019.

24. Upon completing medical leave Plaintiff returned to work. He was then told he was going to be out for 5 additional days (December 3-9, 2019) without pay due to being insubordinate. Never in past situations have Plaintiff ever encountered any Caucasian workers being harassed, unfairly treated, discriminated against, lied on, or falsely accused in the work environment.

25. On or about December 10, 2019 Plaintiff was told by Brian Weatherman that he, Jeremy, and Zack were to take a CBT class together. Plaintiff had never been instructed to do any CBT classes in the past. When he asked Brian Weatherman why he was now taking the class, h could not answer the reason why was he now required to do so.

26. Plaintiff was transferred back to Jeremy Overcash' s crew. He would notice how Brian, Randy, and Jeremy continued to treat Plaintiff in a discriminatory fashion, but Brian would overlook it. These Caucasian workers could refuse jobs and be insubordinate with no consequences at all. If Plaintiff engaged in similar conduct he would have been in HR and eventually terminated. He always had to call and let Brian know his every move. When Plaintiff questioned this his words would be "This is not my doing but, Tammy told me to do this. She wanted to know your every move."

27. Brian called Plaintiff into his office. He stated to him that he was "Strong." Plaintiff asked him what did he mean? He would not give a definite answer. But in so many words he was confirming that they could not make Plaintiff mad enough to explode and lose his cool.

28. In Plaintiff's opinion and looking back on things this was all premeditated from the beginning to keep him from getting the crew leader's job. The job was set up for Jeremy

6

Overcash. They clearly stated that the job was going to be for a crew leader welder. Once a person gets the job one has 6 months to become a welder. However, the job was changed from a crew leader welder to a crew leader. This would have never happened to a black employee but was allowed for a Caucasian employee.

29. Tammy Haynes from Human Resources was supposed to investigate complaints and questions that anyone including Plaintiff may have had but he never received any support from Tammy or HR concerning these matters. Plaintiff would express his concerns of how he was being treated. However, she would take the Caucasian employees' side over his. She falsely accused, threatened, and bullied me. She continued to support the hostile work environment that he was in.

30. Mark Hannah, Regional Manager, was fully aware all that was going on, however, he continued to allow the retaliation, unfair treatment, discrimination, and false accusations to continue. There was an incident at a Chic-Fil-A Mooresville in 2017 that was never handled by him. If the situation had been caught by him it would have never resulted in the CDL license situation. Mark was not following through and checking things nor was he looking out for Plaintiff as he implied. He was only working for his buddies or peers.

31. Brian Weatherman was promoted to construction supervisor. Once in his new position he would always call Plaintiff into the office. He would never hear me out but always take my co-workers word over mine. He would allow his favorite workers, Jeremy and Randy to get away with doing anything. He never held them accountable and would lie. Brian accused Plaintiff of leaving a grade 1 leak. He proved that he called into the call center and to Brian that it was a grade 3 leak instead. Plaintiff followed all protocols per the company and Brian's instructions.

7

32. Randy Stroud crew leader never has had any people skills. Randy had openly discussed his prejudiced views and ways. Management and HR continually overlooked the things he would say and do. Randy cussed out other employees in front of management and nothing was ever addressed. He has thrown coffee at another employee in front of management. Again, nothing was done. He repeatedly called other employees out of their names and threw out racist comments. He repeatedly bullied lied, harassed, discriminated, and caused a hostile work environment. No action has never been taken.

33. Jeremey Overcash, crew leader made several false lies and statements against Plaintiff. He would stay in the office giving statements to management to show himself in a good light. He was known to want his friends to be hired by the company. So, he would always give false statements to management to make himself look good. Jeremy repeatedly lied, harassed, gave unfair treatment, and caused a hostile work environment.

## FIRST CAUSE OF ACTION
### (Race Discrimination – 42 U.S.C. § 1981)

34. The allegations set forth in Paragraphs 1 through 33 are re-alleged and incorporated by reference as if fully set forth herein.

35. Plaintiff is an African American male and in a class of protected employees. He has performed his job at a very high level when he was wrongfully terminated for engaging in conduct like similarly situated Caucasian employees but was terminated unlike the Caucasian employees who were not terminated.

36. Defendant terminated Plaintiff based on false accusations of not completing tasks or not being at work when he was on numerous occasions. Caucasian employees were not treated in a similar fashion but engaged in similar conduct but were not terminated.

8

37. Defendant subjected Plaintiff to disparate treatment and discipline because of his race. Defendant has retained Caucasian employees, whose conduct has been much more egregious than such conduct it claims Plaintiff has engaged in.

38. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and for compensatory damages pursuant to 42 U.S.C. § 1981 and for injuries he had suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to his claims as allowed under law.

39. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### (Retaliation based Race – 42 U.S.C. § 1981)

40. The allegations set forth in Paragraphs 1 through 39 are re-alleged and incorporated by reference as if fully set forth herein.

41. Plaintiff is an African American male and in a class of protected employees. He has performed his job at a very high level when he was wrongfully terminated for engaging in conduct like similarly situated Caucasian employees but was terminated unlike the Caucasian employees who were not terminated.

42. Plaintiff is African American, and he raised concerns and made complaints and raised charges of race discrimination and disparate treatment against Defendant. Upon raising these issues with the Defendant, he was terminated in violation of the statutes mentioned.

43. Plaintiff has performed his job at the highest level despite the retaliation and was summarily terminated for exercising his rights under the law.

9

44. Defendant by and through its agents and managers, allowed similarly situated employees to receive training and support in order to perform their jobs, but did not accommodate the Plaintiff in the same fashion. This differential treatment based upon the perception of a disability was a causal link in the decision to terminate her employment.

45. The reason Defendant gave for the decision to terminate him was a pretext for discrimination and retaliation.

46. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages pursuant to 42 U.S.C. § 2000 and 42 U.S.C. § 1981 for injuries he suffered as a result of being wrongfully terminated. Plaintiff is also seeking an award of punitive damages pursuant to her Title VII claims as allowed under law

46. Plaintiff also seeks reasonable attorney's fees under 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF
### (Wrongful Termination in Violation of Public Policy of North Carolina)

47. The allegations set forth in Paragraphs 1 through 46 are re-alleged and incorporated by reference as if fully set forth herein.

48. Plaintiff was treated differently than similarly situated employees during the course of his employment with Defendant. Defendant was aware of Plaintiff's complaints of discriminatory and harassing treatment and still required and forced her to work under conditions that different than similarly situated Caucasian employees.

49. Plaintiff was treated differently than similarly situated Caucasian employees during the course of his employment with Defendant. Defendant allowed Caucasian employees certain privileges and opportunities not afforded to the Plaintiff, while denying the Plaintiff the same rights and privileges provided to the Caucasian employee.

10

50. Following Plaintiff's complaints, he was terminated from his employment in violation of the public policy of the State of North Carolina.

51. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages, punitive damages and attorney fees.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 2000 - Punitive Damages

52. The allegations set forth in Paragraphs 1 through 50 are re-alleged and incorporated by reference as if fully set forth herein.

53. The Defendant engaged in unlawful discrimination against the Plaintiff that was intentional. The Defendant terminated the Plaintiff for raising concerns of discrimination and due to violations of Section 1981.

54. The Defendant discriminated with malice or reckless indifference to the Plaintiff's federally protected rights. The Defendant was aware of Plaintiff exercising his rights and terminated his employment, nonetheless, disregarding his rights under federal law.

55. Pursuant to 42 U.S.C. § 2000 Plaintiff contends that punitive damages are required to punish Defendant for their wrongful acts and to deter Defendant and others from committing similar wrongful acts.

56. Defendant acted intentionally, maliciously, willfully, wantonly and in reckless disregard for the rights of Plaintiff by aggressively and discriminating against Plaintiff through the specific actions described above.

11

## FIFTH CAUSE OF ACTION
### (Race Discrimination – N.C.G.S. § 143.422 et seq.)
### Equal Employment Practices Act

57. The allegations set forth in Paragraphs 1 through 55 are re-alleged and incorporated by reference as if fully set forth herein.

58. Plaintiff is an African American male and in a class of protected employees. He has performed his job at a very high level when he was wrongfully terminated for engaging in conduct like similarly situated Caucasian employees but was terminated unlike the Caucasian employees who were not terminated.

59. Defendant terminated Plaintiff based on false accusations of not completing tasks or not being at work when he was on numerous occasions. Caucasian employees were not treated in a similar fashion but engaged in similar conduct but were not terminated.

60. Defendant subjected Plaintiff to disparate treatment and discipline because of his race. Defendant has retained Caucasian employees, whose conduct has been much more egregious than such conduct it claims Plaintiff has engaged in.

61. Plaintiff seeks relief from this discriminatory conduct in the form of back pay, future wages and for compensatory damages, punitive damages and attorney fees.


### JURY DEMAND

62.     Plaintiff demands that all matters be tried before a jury of his peers.

### PRAYER FOR RELIEF

63. Upon the trial of this matter, Plaintiff prays that the Court enter Judgment for him and award the following relief:

12

1. Award compensation for lost wages;

2. Award compensation for future wages;

3. Compensatory damages;

4. Punitive damages;

5. The costs of this action, including reasonable attorney's fees under 42 U.S.C. § 1988;

6. For a trial by jury on all claims so triable; and

Any further the relief the Court deems just and necessary.

Respectfully submitted this 27th day of February 2023

THE MONTGOMERY LAW FIRM, PLLC

BY: _____

ERIC A. MONTGOMERY, NC Bar No. 38951
*Attorney for Plaintiff*
6135 Park South Drive, Suite 510
Charlotte, North Carolina 28210
Telephone:     (704) 749-3135
Facsimile:     (704) 749-3136
E-mail:        eric@themlawfirm.com

13