# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| CARLOS WESTMORELAND, <br><br> Plaintiff, <br><br> v. <br><br> PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) Civil Action No. 5:23-cv-00054-KDB-SCR ) ) ) ) ) |

**WHEREAS,** Defendant Public Service Company of North Carolina, Inc. ("Defendant") and Plaintiff Carlos Westmoreland ("Plaintiff") (collectively "the Parties") contend that they possess Confidential Information (defined below) which may be disclosed in responding to discovery requests or otherwise in this action and which must be protected in order to preserve the legitimate business or privacy interests of the Parties or the individuals whose Confidential Information is reflected in documents possessed by the Parties; and

**WHEREAS,** the Parties through their counsel, have stipulated to the entry of this Qualified Consent Protective Order (the "Order"), which shall apply to this civil action only, to prevent unnecessary dissemination or disclosure of Confidential Information; and

**WHEREAS,** this Order governs the use of all "Confidential Information" (as defined herein) in this litigation, whether such Confidential Information is contained in or consists of produced documents, responses to interrogatories and requests for admission, deposition transcripts, and any other information, documents, objects, or things which have been or will be produced or received by any Party during pretrial proceedings in this action pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, abstracts, digests, notes and summaries thereof;

I.   **Definitions**

   A.   **"Document" or "documents"**

As used herein, the word(s) "document" or "documents" shall be taken to mean (a) all papers, documents, recordings of any kind, and printed materials produced, furnished by, or obtained from or on behalf of Defendant, Plaintiff, or any third party subject to subpoena or other discovery in this action on or after the date this action was filed; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which quote or reference directly the text of any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings filed by the Court and exhibits thereto, which quote or reference the contents of any such papers, documents, copies, extracts, or summaries.

   B.   "**Confidential Information**"

As used herein, the words "Confidential Information" shall mean and include, without limitation, information that a party, in good faith, believes qualifies for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and good cause exists for restricting the dissemination of the information on the ground that harm could potentially result from such disclosure, as required by LR 26.2, in that the information constitutes:

   1.   Confidential, proprietary, or financial business information, trade secrets, or information subject to a legally protected right of privacy or a confidentiality agreement with a third party, including, but not limited to, corporate financial statements or financial records; corporate policies; and customer information or contracts;

   2.   Personal information about Plaintiff and about Defendant's current or former employees, including, but not limited to, personnel records and other employment-related

information; records related to time worked and pay; income tax records; documents related to employee benefits; and all other documents containing private employment-related information;

        3.    All personally identifiable information, to include names, dates of birth, addresses, personal images, telephone numbers, email addresses, emergency contact information, social security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments;

        4.    Financial information (such as tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income); and

        5.    Strategic business records.

    **C.**    Confidential Information shall NOT include, without limitation, any material that is, at the time of disclosure, lawfully in the public domain.

## II.    Designation of Confidential Information

    **A.**    <u>**Good-Faith Determination Required**</u>

        1.    The Parties shall have the right to designate as Confidential Information those portions of any document which, after making a good-faith assessment, a Party believes meets the definition of Confidential Information as set forth herein. If any page contains Confidential Information, the entire page may be so marked as set forth below.

        2.    No Party concedes that any document, tangible item and/or deposition testimony marked Confidential by another Party does, in fact, contain Confidential Information, and reserves the right to challenge said designation as set forth below in Section V(2).

### B. Procedures for Designating Pre-Production

The Parties recognize that the scope of materials produced as "Document(s)" during discovery may be very broad as defined above. **The Parties stipulate to produce all documents in PDF format to the extent possible.**

To designate any information within a document produced as a PDF as Confidential Information, the Party shall mark every page of the document in which Confidential Information as follows: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

**In the event a Party believes that production of a native electronic file is necessary in addition to a previously produced PDF to further discovery, the Parties agree to confer regarding the process for production of a native electronic file.** If after the Parties confer, a Party agrees to the production of a native electronic file of a document that contains Confidential Information that has already been produced as a PDF, the producing Party shall include the designation in both the native file's filename (if produced) and any metadata loadfile or in such other manner as the parties may agree. The filename of any record that is produced in native format should contain both the Bates number and the confidentiality designation, if any. For instance, an excel file produced as ABC001234 that is confidential should be named "ABC001234 CONFIDENTIAL - PRODUCED PURSUANT TO PROTECTIVE ORDER.xls". The metadata loadfile should have a field containing the record's confidentiality designation whenever a record has been designated as such. To the extent that any receiving Party prints any native file containing Confidential Information, such printouts shall be marked by the receiving Party as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER." No receiving Party shall disseminate electronically native files that have been designated as Confidential Information.

Where Confidential Information is produced in a non-paper media other than electronic files (e.g., video tape, audio tape), the confidentiality legend should be placed on the media, if possible, and its container, if any, so as to clearly give notice of the designation.

### C. Procedures for Designating Documents Post-Production

Failure to designate a document as "Confidential" when it is initially produced shall not constitute a waiver of the right to later so designate it or the information therein as "Confidential" utilizing the above procedures.

Upon learning that Confidential Information was produced without the appropriate designation, the producing Party will immediately provide notice of the omission to the receiving Party and, at the producing Party's option, either provide substituted copies of the Confidential Information appropriately marked or instruct the receiving Party to mark the undesignated material with the appropriate legend. Upon receiving notice of an omitted designation, it will be the duty of the receiving Party to make all reasonable efforts to return all identified unmarked materials in its possession or in the possession of persons within that Party's control (e.g., retained consultants) to the designating Party within ten (10) business days of any written notice requesting their return, or to make all reasonable efforts to label the Confidential Information appropriately as requested by the designating Party. In addition, in the event that the recipient Party gave copies of previously undesignated documents containing Confidential Information to persons outside of the recipient Party's control, the recipient Party shall, within ten (10) business days of receipt of notice of the omitted designation, inform the producing Party of the fact that previously undesignated documents were provided to third parties outside the recipient Party's control, and provide the identity of such third parties.

### D. Procedures for Designating Deposition Materials.

Deposition testimony may be designated as confidential on the record at the deposition, or by designating specific portions of the transcript confidential within thirty (30) days after receipt of the final transcript by serving a written designation on opposing counsel identifying as "Confidential" those portions of the transcript that the designating Party seeks to protect. During the 30-day period following receipt of the final transcript, the transcript shall be treated as if it were designated "Confidential" and shall not be disclosed to any person other than as provided in Section III below, except that deponents may review their own transcripts. A copy of any written designation under this paragraph shall also be provided by the designating party to the court reporter, who shall mark the designated portions of the transcript as "Confidential" and shall mark the face of the transcript with the legend, "Portions Of This Transcript Are Designated As Confidential." Notwithstanding the foregoing, the provisions of this sub-paragraph of the Order shall not prevent counsel for any of the Parties from obtaining a copy of a deposition transcript immediately upon conclusion of the deposition provided that the entire transcript shall be treated as Confidential until the designation process described in this sub-paragraph is completed.

Documents marked as containing Confidential Information may be used as exhibits at the deposition of any individual authorized by the terms of this Protective Order to receive such Confidential Information. When documents that have been designated as Confidential are marked as exhibits to a deposition, the reporter shall separately bind such exhibits and mark the cover page of the separately-bound exhibits with the legend "CONFIDENTIAL."

### III. Restrictions on the Use and Dissemination of Confidential Information

A. All Confidential Information, together with information contained therein or obtained therefrom, produced or obtained by Plaintiff and/or Defendant shall be treated as

confidential by all parties to this litigation and shall be used exclusively in connection with this litigation.

B. Disclosure of information designated as Confidential, including synopses, summaries or digests thereof, shall be limited to the following persons during discovery:

1. The Parties, the Defendant's in-house counsel involved in the defense of this action, the Parties' counsel of record, stenographic, paralegal or clerical employees assisting such counsel, or vendors (such as court reporters, copy centers or e-discovery consultants) assisting such counsel.

2. A witness in a deposition, or in preparation for a deposition, provided the witness is shown this Protective Order, informed that the document or information is protected by this Order, agrees in writing to abide by it via a Declaration of Compliance attached hereto as Exhibit A, and understands that all deponents are subject to this Order.

3. This Court, including, but not limited to, all appropriate Court personnel such as court reporters, clerks and the like, subject to Section IV below.

4. Any person whom counsel reasonably believes authored or, in the normal course of events, reviewed or possessed the information designated as Confidential, or who counsel, in good faith, has a need, in order to investigate and prepare for purposes of the litigation, to disclose, to the person, provided that the person shall be provided with a copy of this Order, and informed that the document or information is protected by this Order and agrees in writing to its terms by signing a Declaration of Compliance in the form of Exhibit A hereto.

5. Any Mediator retained by all affected Parties, including such Mediator's staff, provided the disclosure is made in the course of mediation, and the mediator returns any documents provided.

6. Consultants or experts, whether or not employees or officers of the Parties, retained by any party to consult or testify in the case; provided that, prior to disclosure, counsel shall deliver a copy of this order to the consultant to whom such disclosure is to be made and shall require said consultant to read a copy of this Order and to agree in writing to its terms by signing a Declaration of Compliance in the form of Exhibit A hereto.

7. Any other person who obtains access upon a further order of the Court.

## IV. Procedures for Filing Documents Containing Confidential Information

If a Party (the "Filing Party") seeks to file a Confidential Document so designated by the opposing Party (the "Designating Party"), the Filing Party shall consult with the Designating Party regarding whether the document shall be filed under seal with the Court or if the document can be redacted to prevent disclosure of Confidential Information. If the Designating Party requests that the Confidential Information be filed under seal, then the Filing Party shall file the document under seal with an accompanying Motion to Seal the Confidential Document pursuant to and in accordance with Local Rule 6.1.

## V. Other Provisions

1. Any inadvertently produced document about which a claim of work product or attorney/client privilege is asserted will be returned to its rightful owner, without any copies being made or retained, and will be regarded as not having been produced. Nothing contained in this Consent Protective Order shall be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing any documents.

2. Should either party object to the confidentiality of any document pursuant to this Order, the objecting party may apply to the Court by motion for a ruling that the document shall not be so treated, after giving ten (10) days' written notice of such objection to the other party.

Until the Court rules upon such a motion regarding the confidentiality of the document, the subject document shall be afforded the confidential treatment provided for in this Order.

3. Plaintiff will be entitled to full access to documents produced to Plaintiff and subject to this Order and all copies thereof for review; except that with respect to documents that contain personnel or medical information regarding current or former employees of the Defendant (other than Plaintiff), at all times Plaintiff's counsel will retain sole possession of such documents, including documents containing information derived therefrom and all copies of such documents.

4. Prior to making disclosures to experts or consultants pursuant to Section III(B), counsel shall inform experts that Confidential Documents (and information therein) shall be used for the purpose of the prosecution or defense of this action only, and counsel for the parties shall obtain from such persons a completed Declaration of Compliance in the form of Exhibit A. Counsel agree to retain in their possession all of the completed Declaration of Compliance in the form of Exhibit A signed by those persons, thereby keeping record of persons to which disclosures are made. All documents, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. This Order is without prejudice to the right of any party to seek a modification or amendment of this Order by further order of the Court upon motion and notice.

**SO ORDERED**.

Signed: September 20, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

**CONSENTED TO:**

/s/ Eric A. Montgomery
Eric A. Montgomery, NC # 38951
Attorney for Plaintiff
The Montgomery Law Firm, PLLC
6135 Park South Drive, Suite 510
Charlotte, NC 28210
Telephone: 704-749-3135
Facsimile: 704-749-3136
Email: eric@themlawfirm.com

/s/Meredith F. Hamilton
Meredith F. Hamilton, NC #50703
Attorney for Defendant
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: meredith.hamilton@ogletree.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| CARLOS WESTMORELAND, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PUBLIC SERVICE COMPANY OF NORTH )<br>CAROLINA, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 5:23-cv-00054-KDB-SCR |

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Carlos Westmoreland v. Public Service Company of North Carolina, Inc.* Civil Action No. 15:23-cv-00054-KDB-SCR pending in the United States District Court for the Western District of North Carolina have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

Date: _____

Name: _____

Signature: _____